IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned in Briefs October 3, 2000

## STATE OF TENNESSEE v. GEORGE OSBORNE WADE

**Direct Appeal from the Circuit Court for Obion County**
**No. 9-67     William B. Acree, Jr., Judge**

---

**No. W1999-01607-CCA-R3-CD - Filed October 19, 2001**

---

An Obion County jury convicted the defendant for one count of felony evasion of arrest, one count of felony reckless endangerment, and one count of misdemeanor evasion of arrest. The trial court sentenced the defendant to six (6) years as a Range II multiple offender for his conviction for felony evasion of arrest, which was merged with his conviction for reckless endangerment. The trial court also sentenced the defendant to eleven (11) months and twenty-nine (29) days for his conviction for misdemeanor evasion of arrest, to be served concurrently with his sentence for his felony conviction. The defendant filed for a motion for new trial, and the trial court held a hearing on that motion on the same date that it held the sentencing hearing. Subsequently, the defendant filed a second motion for new trial, which the court treated as an amended motion for new trial. On appeal, the defendant challenges the sufficiency of the evidence at trial, his sentence, and the trial court's refusal to grant his motion for new trial based on the threatening statements made to jurors during a break in their deliberations. After reviewing the record, we find that none of these claims merit relief and therefore affirm the defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ, joined.

Steve McEwen, Mountain City, Tennessee, (on appeal); and Joseph P. Atnip, District Public Defender, Dresden, Tennessee, (at trial), for appellant, George Osborne Wade.

Paul G. Summers, Attorney General & Reporter; Mark E. Davidson, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James David Kendall, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

## Factual Background

The defendant, George Wade, and his acquaintance, "Ed," were driving from Trenton, Tennessee to Union City, Tennessee. Apparently Ed was interested in purchasing the defendant's car and therefore asked to accompany the defendant on his trip to Union City. The defendant testified that he and Ed are approximately the same height and share similar coloring. On the return trip from Union City back to Trenton, the defendant testified that he allowed Ed to drive his automobile. A Union City police officer spotted the defendant's car, which he recognized, and followed it. The officer testified that the driver of the defendant's vehicle made three turns without signaling. However, the defendant testified that the driver of his vehicle, Ed, made those turns under his instruction and signaled each time. After witnessing the driver make these turns, the officer turned on his blue lights and siren. The driver of the defendant's car began to pull over, but subsequently sped off, leading the police officer on a high speed chase.

The officer testified that after the driver initially sped off, he made a right turn, at which time he looked directly at the officer for one or two seconds. Based on that observation, the officer identified the defendant as the driver of the vehicle. He also noted that another black male was present in the automobile, sitting in the passenger seat. After the driver made that right turn, he led the officer on a chase for several blocks, traveling fifty to sixty miles per hour in both a twenty mile per hour speed zone and a fifteen mile per hour school speed zone, running several stop signs, and almost hitting another automobile at one intersection. The officer eventually stopped his pursuit of the defendant, fearing that further chase would create an unreasonable risk of injury.

The driver of the defendant's vehicle eventually pulled into a backyard. Once the automobile stopped, the defendant and his acquaintance, Ed, fled on foot. While the police officers never discovered Ed, they did discover the defendant, who was hiding from the officers behind a tree. The officer who discovered the defendant found a key next to the defendant's person. The officer successfully used this key to start the ignition of the defendant's vehicle. Subsequently, the officers arrested the defendant for evasion of arrest and reckless driving, and he was tried before a jury on those charges.

When the jurors broke for lunch during their deliberations, an unidentified person told the jurors that "You'd better not find him guilty, you mother fuckers. You don't know what you're doing." Nine of the twelve jurors heard this statement. The jury subsequently convicted the defendant. After the jury returned its verdict, defense counsel inquired of the trial court as to whether the jury members should be questioned as to the effect, if any, this statement had on them. The trial court declined to question the jurors at that time, but told the panel that they may be brought back for a later hearing to determine the effect that the statement may have had on them. However, the defendant never subpoenaed any jury member to the motion for new trial, and no proof was ever put before the court as to what effect this remark may have had on them.

## Sufficiency of the Evidence

The defendant first argues that the evidence presented at trial was insufficient to support his convictions for felony evasion of arrest. When an accused challenges the sufficiency of the

convicting evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). In determining the sufficiency of the evidence, this court does not re-weigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). This court is required to afford the state the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from the evidence. State v. Herrod, 754 S.W.2d 627, 632 (Tenn. Crim. App. 1988).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in favor of the theory of the state. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden on appeal of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and the inferences that may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. Matthews, 805 S.W.2d at 780.

The defendant argues that the evidence presented at trial was insufficient to establish the elements of felony evasion of arrest, because the evidence was insufficient to establish that the defendant was operating the vehicle when the driver of the defendant's vehicle evaded the pursuing police officer. However, the state presented adequate evidence at trial upon which a rational trier of fact could have found the defendant to have been the driver of the automobile at the time that the crimes were committed. Specifically, the officer who pursued the defendant positively identified the defendant as the driver of the vehicle based upon a brief view of the defendant's face. Additionally, the police officer who discovered the defendant found a key next to his person that started the ignition of his vehicle. This evidence is sufficient for a rational trier of fact to find that the defendant was indeed driving his vehicle, and therefore we will not disturb the jury's verdict.


### Extraneous Prejudicial Information Considered by the Jury


The defendant claims that because the jurors in the instant case were threatened during a break in their deliberations, they were exposed to extraneous prejudicial information that improperly influenced them, therefore entitling the defendant to a new trial. The threat at issue was made by an unknown person to the jurors while they were on break for lunch. This unknown person said, "You'd better not find him guilty, you mother fuckers. You don't know what you're doing." Nine jurors heard this statement.

The state argues that this issue is not properly before the court because the defendant failed to object to the guilty verdict on the basis that it was a product of this extraneous prejudicial information or move for a mistrial on that basis. However, regardless of whether the defendant waived the issue for appeal, the issue has no merit because the defendant has failed to prove that the extraneous statement was prejudicial to him.

When a jury has been exposed to prejudicial extraneous information, a rebuttable presumption of prejudices arises, and the burden shifts to the prosecution to either explain the conduct or prove that the exposure was harmless. State v. Blackwell, 664 S.W.2d 686, 689 (Tenn. 1984). However, in cases involving non-sequestered juries, the burden does not shift to the state until the defendant has proven the exposure to be prejudicial.[1] See State v. Parchman, 973 S.W.2d 607, 612 (Tenn. Crim. App. 1997) (stating that "the threshold question is whether the statement communicated to the jury was prejudicial to the [d]efendant"); State v. Meade, 942 S.W.2d 561 (Tenn. Crim. App. 1996); State v. Clinton, 754 S.W.2d 100 (Tenn. Crim. App. 1988). As the instant case involves a non-sequestered jury, the defendant has the burden of proving prejudice.

In his brief, the defendant argues that the statement made to the jurors by the unknown party was clearly prejudicial because it was a threat against those jurors, unambiguously threatening them if they found the defendant guilty. Additionally, this threat was heard by nine of the twelve jurors. However, if the jurors were cowed by this threat, it seems that they would have acquitted the defendant, not convicted him. The defendant makes no argument that the threat may have angered the jurors toward the defendant, making it more likely that they voted to convict him. Indeed, because the defendant did not put on any juror at the new trial motion to testify as to the effect, if any, that the remarks may have had, the defendant has failed to carry his initial burden of showing prejudice.[2] Because the defendant has failed to meet this requisite burden, we find that this issue lacks merit.

---

**Sentencing Challenge**

The defendant next challenges the sentence imposed by the trial court, arguing that he should have received a lesser sentence and should serve at least a portion of his sentence on probation or in the Community Corrections program. This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no

---

[1] Cf. State v. Furlough, 797 S.W.2d 631 (Tenn. Crim. App. 1990) (indicating that if the jury is sequestered and a juror has communicated with a non-juror, the burden immediately shifts to the prosecution to demonstrate that the jury was not prejudiced by the communication).

[2] Because this issue involves the question of whether an outside influence was brought to bear upon any juror, it was proper to call the jurors to testify as to what effect the threat may have had on them. See Tenn. R. Evid. 606.

presumption of correctness, and our review is simply de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (1997) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated Section 40-35-210, to consider the following factors in sentencing:

(1) the evidence, if any, received at the trial and the sentencing hearing;

(2) the presentence report;

(3) the principles of sentencing and arguments as to sentencing alternatives;

(4) the nature and characteristics of the criminal conduct involved;

(5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) any statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (Supp. 2000).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). A trial court must presume that a defendant who is sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation of the defendant unless rebutted by sufficient evidence in the record. Id. at 380.

However, the presumption that a defendant is a suitable candidate for alternative sentencing or probation may be rebutted by evidence to the contrary. Such evidence may include the following sentencing considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (1997). A court may also apply the mitigating and enhancement factors set forth in Sections 40-35-113 and -114, as they are relevant to the Section 40-35-103 considerations. Id. § 40-35-210(b)(5). Finally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining whether to grant an alternative sentence. Id. § 40-35-103(5).

Our review of the instant case is de novo with a presumption of correctness, as the record reflects that the trial court properly and carefully considered the sentencing principles and all relevant facts and circumstances. Specifically, the court examined the general sentencing principles, enumerated the applicable enhancing factors, found that no mitigating factors applied, and addressed the appropriateness of alternative sentencing. The defendant does not challenge the trial court's

finding of the applicability of two enhancing factors, namely the defendant's prior criminal history and his history of unwillingness to comply with the conditions of measures less restrictive than confinement. Rather, the defendant argues that the trial court afforded these factors too much weight, as the defendant's convictions were at least six years old, and the defendant completed high school and attended two semesters of college. However, because the defendant has not proven that the trial court erred in its application of the relevant enhancing factors, the trial court is presumed to have afforded these factors an appropriate weight, and therefore this court will not re-weigh the enhancing factors and accordingly impose a different sentence. Moreover, there is sufficient evidence in the trial court's findings of fact to support enhancing the defendant's sentence by two years, one year for each enhancing factor.

The defendant also alleges that the trial court should have allowed him to serve at least a portion of his sentence on probation or alternative sentencing, as he is presumed a favorable candidate for alternative sentencing per Tenn. Code Ann. § 40-35-102(6) (1997). However, because, as the defendant concedes, the trial court properly classified him as a Range II offender, this statutory presumption is not applicable to him. Moreover, the trial court correctly found that the defendant was not a suitable candidate for alternative sentencing or probation, as the defendant has failed to comply with measures less restrictive than confinement, having committed several crimes while serving a suspended sentence. Therefore, after conducting this de novo review and affording the trial court's sentence a presumption of correctness, we conclude that the trial court properly sentenced the defendant, and therefore the defendant's sentencing challenge lacks merit.

## Conclusion

For the forgoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE